UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:20-cv-03271-SB-KS | Date: | June 1, 2022 |
|---|---|---|---|

| Title: | *Securities & Exchange Commission v. Bradley C. Davis* |
|---|---|

| Present: The Honorable | STANLEY BLUMENFELD, JR., U.S. District Judge |
|---|---|

| Jennifer Graciano | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**   **ORDER DENYING JOINT STIPULATION FOR CONTINUANCE [Dkt. No. 109]**

The parties filed a joint stipulation to continue the trial date from June 7, 2022 to September 13, 2022. Dkt. No. 109. The basis for this request is the various prepaid vacations of witnesses and counsel scheduled over the next few months. *Id*. at 3–4.

At the pretrial conference on February 18, 2022, the parties asked if the Court could provide windows of availability for trial, given the scheduling conflicts for counsel and witnesses. The Court explained that it could not practically do so. The combination of the pandemic and a heavy docket frequently requires the Court to trail cases, particularly civil cases. As previously expressed, the Court understands the inconvenience this uncertainty imposes on the parties, witnesses, and counsel.

The Court has not only expressed its understanding, but it also has tried to accommodate the parties in this case. The Court tried to schedule the trial early when an opening became available. Unfortunately, though

| CV-90 (12/02) | **CIVIL MINUTES – GENERAL** | Initials of Deputy Clerk JGR |
|---|---|---|

understandably, the parties were not able to proceed within the limited window available.  The Court then granted the parties a continuance to a date selected by them—one right after Memorial Day, May 31, 2022.  Dkt. Nos. 98 (application), 102 (order).  In selecting this date, the parties chose a date at the start of the summer vacation season, even though they knew about the prospects for trailing because the Court explained the situation on multiple occasions.  *See, e.g.*, Transcript, Dkt. No. 99, at 65–66.  Yet the parties gave themselves virtually no room for trailing to avoid interfering with vacation plans—despite a three-month continuance that would allow for such planning to provide a trailing cushion.

      The parties' request for yet another three-month continuance is denied.  In denying the request, the Court does not do so lightly.  While the Court is always reluctant to interfere with vacation plans, it does not see an end to this cycle of continuances.  The Court cannot guarantee the parties a date certain at any point in the foreseeable future:  it has stacked trials; it cannot always secure a jury panel when requested; and the ability to obtain jury panels three months from now is more uncertain given the worsening conditions of the pandemic.  That the parties did not build in at least a 30-day cushion under the circumstances as explained to them is regrettable and not a basis for another continuance.

      The parties are correct that this Court has a criminal trial currently scheduled for June 7, 2022, and this civil case trails behind that one.  In the event that the criminal case does not proceed, this case will take its place.  The Court intends to advise the parties by June 3, 2022, whether it appears that they will proceed on June 7.  If not, the Court will likely trail this matter to June 27, 2022.  To accommodate witness conflicts, the Court will allow the parties to take trial depositions that can be presented at trial by video in lieu of live testimony.  If they elect to do so, the parties should meet and confer immediately to reach agreement if possible on a schedule to commence trial depositions as quickly as possible.