DOUGLAS M. MILLER (Cal. Bar No. 240398)
Email: millerdou@sec.gov
DONALD W. SEARLES (Cal. Bar No. 135705)
E-mail: searlesd@sec.gov
ALEC JOHNSON (Cal. Bar No. 270960)
Email: johnsonstu@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Katharine E. Zoladz, Associate Regional Director
Gary Leung, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>BRADLEY C. DAVIS,<br><br>Defendant. | Case No. 2:20-cv-03271-SB-KS<br><br>**JOINT STATEMENT REGARDING PRETRIAL AGREEMENTS REACHED BETWEEN THE PARTIES ON MOTIONS IN LIMINE**<br><br>Date: June 23, 2022<br>Time: 8:30 a.m.<br>Ctrm: 6C<br>Judge: Hon. Stanley Blumenfeld Jr. |

i                                   Case No. 2:20-cv-03271-SB-KS

In accordance with the Court's December 17, 2021 Minute Order (Dkt. No. 80) and its February 18, 2022 directive at the hearing on joint motions *in limine* (Dkt. No. 99; RT 2/18/2022 44:6 – 14.), Plaintiff Securities and Exchange Commission ("SEC") and defendant Bradley C. Davis ("Davis") hereby disclose the pretrial agreements reached between the parties. These agreements either completely or partially resolved several joint motions *in limine* filed with the Court (Dkt. Nos. 59, 62, 64, and 68), and narrowed the issues needed to be decided by the Court.

(1) <u>JMIL #1 (Dkt. No. 59)</u> – the SEC filed this motion to "preclude [Davis] from offering any evidence or argument at trial that he reasonably relied on the advice of counsel when executing the trades at issue in this case ...." (Dkt. No. 59, p. 1.) The parties partially resolved this motion by agreeing to the following:[1]

- Davis will not introduce evidence or argue that Robert Veillette, the former General Counsel at Nordson, specifically told Mr. Davis that 1) he was free to trade Nordson stock at anytime, 2) he did not have access to material non-public information, or 3) his trades were legal.
- Davis will argue in closing, however, that, properly interpreted, Mr. Veillette's emails conveyed that the division-specific information Brad received was not MNPI.

(2) <u>JMIL #3 (Dkt No. 62)</u> – the SEC filed this motion to exclude defense expert Michael Kunkel's testimony on the grounds that it is "improper rebuttal under Rule 26 of the Federal Rules of Civil procedure because he does not contradict or rebut the SEC's expert" and because his opinions are "unreliable under Rule 702 of the Federal Rules of Evidence." (Dkt. No. 62, p. 6.) The parties completely resolved this motion by agreeing to the following:

---

[1] As for the unresolved portion of this motion, the Court granted the SEC's motion without prejudice regarding the admission of [Robert] Veillette's 2017 email with Morgan Stanley. (Dkt. No. 99; RT 2/18/2022 16:18 – 19.) The Court held that Mr. Davis may raise the admissibility of the email if Plaintiff "has opened the door . . . to appropriate examination of [Mr. Veillette] with respect to the issues contained in the e-mail." (*Id.* at 16:18-17:8.)

- Mr. Kunkel will not opine on Mr. Davis's motive.
- Mr. Kunkel will testify about what he observed – that various emails and container files were not deleted.
- Mr. Kunkel will not testify that his analysis "indicates that the deletion of the three files in Table 1 [to Greetham's report] was not part of an effort to permanently delete all instances of any of the 2016 emails listed in Exhibit C to Mr. Greetham's report."
- Mr. Kunkel will not testify as to the relevance of any files he observed to the issues in this case.
- Mr. Kunkel will testify concerning his observations (*i.e.,* which files he reviewed and what they were). For example, he might testify that certain files he reviewed appeared to be vacation photos, but he will not testify that the photos were unrelated to this case.

(3) <u>JMILs #4 and #5 (Dkt. Nos. 64 and 68)</u> – The SEC filed JMIL #4 to exclude or limit the testimony of defense expert Dr. Adam Werner on the grounds that he applies the wrong standard for materiality, draws opinions from statistically flawed correlation analysis and bases his analysis on data that he manipulated and did not understand. (Dkt. No. 64, p. 2.) Davis filed JMIL #5 to limit the testimony of SEC expert Michael Mayer on the grounds that he offered many improper opinions based on extraneous facts asserted by the SEC, attempts to opine on whether information is material, an ultimate issue in the case, and summarizes documents and testimony with no expert analysis. (Dkt. No. 65, p. 1.) The parties completely resolved this motion by agreeing to the following:

- Neither Mayer nor Werner will use the words "material" or "important" in describing the information at issue, so as to avoid using the specific words that appear in the jury instructions on the definition of materiality.
- Neither expert will be permitted to engage in lengthy factual narratives that are not necessary to the jury's understanding of their opinions. But

they shall be allowed to testify to some limited facts that pertain to their opinions.

- Werner will not testify concerning his correlation analysis. Dr. Werner will testify that, in his opinion, the information that Mr. Davis had in his possession cannot be used to predict Nordson's earnings or stock price movements, and he will not be basing this opinion on the correlation analysis, but on other facts he considered and analyses he performed, including the facts that Mr. Davis did not receive the vast majority of the information that comprised Nordson's earnings and that other segments of Nordson were far more volatile than Core Adhesives.
- Mayer will not opine that the core adhesive operating profit surprise was a percentage of the overall earnings surprise.
- Mayer will not testify concerning his opinion that absent the extrapolation used Werner's correlation analysis, there would be a statistically significant correlation in 2 data sets.

(5) <u>Evidence of Extramarital Relationship</u> – The parties have agreed that the SEC not elicit evidence that Davis had engaged in an extramarital relationship. The parties have further agreed, however, that this agreement will be void if the defense opens the door to this evidence by displaying other photographs Davis deleted from his computer that are pictures of him with his wife and family or in any way suggest Davis is "a family man."

Dated: June 21, 2022

      /s/ Douglas M. Miller
DOUGLAS M. MILLER
Attorney for Plaintiff
Securities and Exchange Commission

Dated: June 21, 2022

                                      */s/ Grant B. Gelberg*
GRANT B. GELBERG
Attorney for Defendant
Bradley C. Davis

### **LOCAL RULE 5-4.3.4(a)(2)(i) CERTIFICATION**

In accordance with L.R. 5-4.3.4(a)(2)(i), I, Douglas Miller, attest that all signatories identified above, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: June 21, 2022

                                      */s/ Douglas M. Miller*
DOUGLAS M. MILLER
Attorney for Plaintiff
Securities and Exchange Commission

# **PROOF OF SERVICE**

I am over the age of 18 years and not a party to this action. My business address is:

U.S. SECURITIES AND EXCHANGE COMMISSION,
444 S. Flower Street, Suite 900, Los Angeles, California 90071
Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On June 21, 2022, I caused to be served the document entitled **JOINT STATEMENT REGARDING PRETRIAL AGREEMENTS REACHED BETWEEN THE PARTIES ON MOTIONS IN LIMINE** on all the parties to this action addressed as stated on the attached service list:

☐ **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐ **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☐ **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒ **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: June 21, 2022                 /s/ Douglas M. Miller
                                                Douglas M. Miller

1

*SEC v. Bradley C. Davis*
**United States District Court—Central District of California**
**Case No.** 2:20-cv-03271-SB-KS

### SERVICE LIST

Grant B Gelberg
Joel M. Mallord
Huyang May Ybarra Gelberg LLP
550 South Hope Street Suite 2330
Los Angeles, CA 90071-2680
Email: grant.gelberg@halpernmay.com
Email: joel.mallord@halpernmay.com
*Attorneys for Defendant Bradley C. Davis (ECF)*

Matthew E. Beck
Scott Craig Hollander
Chiesa Shahinian and Giantomasi PC
One Boland Drive
West Orange, NJ 07052
Email: mbeck@csglaw.com
Email: shollander@csglaw.com
PRO HAC VICE
*Attorneys for Defendant Bradley C. Davis (ECF)*