JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No.  2:20-cv-03271-SB-KS |
| Plaintiff, | **FINAL JUDGMENT AS TO DEFENDANT BRADLEY C. DAVIS** |
| vs. | |
| BRADLEY C. DAVIS, | |
| Defendant. | |

WHEREAS, Plaintiff Securities and Exchange Commission (SEC) filed a Complaint against defendant Bradley C. Davis (Defendant) alleging that he engaged in insider trading in the securities of his employer and Defendant answered the Complaint;

WHEREAS, a jury trial was conducted as to all claims in the Complaint;

WHEREAS, the jury returned a verdict, finding Defendant liable as to all claims in the Complaint; and

WHEREAS, on July 29, 2022, the Court issued a minute order on the SEC's request for injunctive and monetary relief (Dkt. No. 146) ordering the following remedies (i) a permanent injunction against Defendant from violating Section 10(b) of the Securities Exchange Act of 1934 (the Exchange Act) [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17C.F.R. § 240.10b-5]; (ii) disgorgement of $694,835.25, along with prejudgment interest; and (iii) a civil penalty of $100,000, and directing the parties to file a stipulated judgment, or if necessary separate judgments, on or by August 5, 2022.  Dkt. No. 152.

NOW THEREFORE, BASED ON THE FOREGOING:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

   (a)    to employ any device, scheme, or artifice to defraud;

   (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

1

(c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $694,835.25, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest in the amount of $184,327.80.  The Court finds that sending the disgorged funds to the United States Treasury, as ordered below, is consistent with equitable principles. The Court further imposes a civil penalty in the amount of $100,000, pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78u-1(a)(2)].  Defendant shall satisfy these obligations by paying $979,163.05 to the SEC within 60 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center

Accounts Receivable Branch

6500 South MacArthur Boulevard

Oklahoma City, OK 73169

1    and shall be accompanied by a letter identifying the case title, civil action number,

2    and name of this Court; Bradley C. Davis as a defendant in this action; and specifying

3    that payment is made pursuant to this Final Judgment.

4         Defendant shall simultaneously transmit photocopies of evidence of payment

5    and case identifying information to the SEC's counsel in this action.  By making this

6    payment, Defendant relinquishes all legal and equitable right, title, and interest in

7    such funds and no part of the funds shall be returned to Defendant.

8         The SEC may enforce the Court's judgment for disgorgement and prejudgment

9    interest by using all collection procedures authorized by law, including, but not

10   limited to, moving for civil contempt at any time after 60 days following entry of this

11   Final Judgment.  The SEC may enforce the Court's judgment for penalties by the use

12   of all collection procedures authorized by law, including the Federal Debt Collection

13   Procedures Act, 28 U.S.C. § 3001 et seq., and moving for civil contempt for the

14   violation of any Court orders issued in this action.

15        Davis shall pay post judgment interest on any amounts due after 60 days of the

16   entry of this Final Judgment pursuant to  28 U.S.C. § 1961.

17                                          III.

18        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court

19   shall retain jurisdiction of this matter for the purposes of enforcing the terms of this

20   Final Judgment.

21

22   Dated:  August 8, 2022 _____

23   Hon. Stanley Blumenfeld Jr.
     United States District Judge

24

25

26

27

28

3